OPINION of the Court, by
Ch. J. Boyle.
— This is a writ of error to a judgment in ejectment. The plaintiff in error was tbe tenant in possession ; but having failed to appear and make himself defendant in the action, judgment was taken by default against the defendant named in the declaration. Whether, Under these circumstances, the plaintiff can maintain a writ of error in his name, is made a preliminary point, and which it becomes necessary to decide previous to an investigation of the errors assigned : for however gross and palpable these may be, it is clear that the judgment cannot be reversed nt the suit of the plaintiff, if he has no right to maintain a writ of error.
It is a general rule, that no person can bring a writ of error to reverse a judgment, who is not party or privy to the record; The plaintiff in error has no pretensions to claim a privity to the defendant against whom the judgment was rendered ; and not having made himself a defendant in the action, it is evident that he is not a party to the record. It results, therefore, if tbe plaintiff’s right to maintain a writ of error be tested *434 by general principles, that it must fail. Upon aft e£st-' mination of the authorities in relation to this point, the)** are found to conform to the general rule, and to be equally opposed to the plaintiff maintaining a writ of error. Where the tenant in possession has entered himself a defendant in the room cL the casual ejector, and judgment is had against him, he may bring a writ of error ; but where he fails to make himself defendant, the writ of error must be sued in the name of the casual ejector. This distinction is founded upon the general rule, and is supported by the books which treat of this subject-* — Bac. Abr. title Ejectment, letter B — 1 Ibid, title Error, letter A, and the authorities there ci-* ted.
The writ óf error must therefore be quashed vmh costs.